**UNITED STATES of America**

v.

**Anthony Michael MEDINA, Appellant,**
**Raymond Brahm.**

**No. 71-1372.**

United States Court of Appeals,
Third Circuit.

Argued Nov. 8, 1971.

Decided Dec. 21, 1971.

Certiorari Denied April 17, 1972.
See 92 S.Ct. 1517.

Arthur S. Kafrissen, Gross & Sklar, Philadelphia, Pa., for appellant.

Charles B. Burr, II, Asst. U. S. Atty., Philadelphia, Pa. (Louis C. Bechtle, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before VAN DUSEN and ROSEN, Circuit Judges, and LAYTON, Senior District Judge.

### OPINION OF THE COURT

PER CURIAM:

In this appeal, we are asked to overturn bank robbery convictions because of alleged Sixth Amendment violations of the appellant's rights as interpreted by the Supreme Court in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1968), and by this Court in United States v. Zeiler, 427 F.2d 1305 (3rd Cir. 1970).

On June 6, 1969, three persons entered the Frankford Trust Company branch on Castor Avenue. One man was described as wearing sunglasses, a navy-blue knit cap, and brandishing a gun. He jumped over the teller's coun-

ter and took money in a shopping bag, making several threatening remarks. He was viewed from 2–5 minutes, in good light.

■ Photographs were shown to the bank employees on the same day. Appellant's picture was not one of those photographs, and none of the employees identified any of the pictures as being that of one of the robbers. On July 25, 1969, another group of photographs was shown to the bank employees. Seven to ten photographs were included in that group, the appellant's picture being among them. Appellant was singled out by the employees as being the robber who jumped over the counter. There is no allegation that the FBI agents who conducted the photographic confrontation told any of the witnesses about their investigation or that they singled out the appellant for any special attention. Having viewed both sets of photographs, there appears to be no distinguishing characteristic setting apart appellant's pictures from those of the others. Clearly, the photographic identification procedure was not so "impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." [1]

Appellant was apprehended on July 25, 1969, in connection with the robbery of a branch of the Girard Trust Bank. He was exhibited on July 31, at a lineup for identification concerning both bank robberies. He was represented by counsel at that lineup. He was indicted for the robbery of the Frankford Trust Company and was subsequently convicted after his motion to suppress the photographic identifications was denied.

■ Appellant admits that the holding in *Zeiler* is limited to situations in which the defendant has been apprehended by law enforcement officials and is in their custody. He argues that the circumstances of this particular case show that the appellant was not taken into custody so that the FBI agents might be able to confront the witnesses to the Frankford Trust Company robbery without the presence of any counsel for the appellant. The record does not support this contention. Therefore, the appellant's first argument is without merit.

■ Appellant also argues that counsel at the July 31st lineup represented him only with respect to the robbery of the Girard Trust Bank. This claim must also be summarily dismissed because he did have representation at the lineup. Representation was on behalf of defendant's interests in the conduct of the lineup in light of all possible charges against him. In addition, the defendant has not raised any possible prejudice accruing to him from such representation.

In the light of the foregoing, the judgments of conviction will be affirmed.

I. Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).